1  WARREN H. NELSON, JR.  #104744
   A PROFESSIONAL CORPORATION
2  6161 El Cajon Boulevard, # 273
   San Diego, CA 92115
3  Telephone:  (619) 988 8828
   Email: whnapc@gmail.com

Attorney for Plaintiff
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD INSURANCE COMPANY, an Oregon Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA P. GILLILAND, as Trustee of The Gilliland Revocable Trust and as an Individual; DAVID GILLILAND; JEFFREY GILLILAND; MATTHEW GILLILAND; and, LISA GILLILAND,<br><br>Defendants. | Case No.: 3:18-cv-04929-RS<br><br>**STIPULATION AND ORDER FOR DEPOSIT OF FUNDS, PAYMENT OF DEPOSITED FUNDS AND DISCHARGE OF STANDARD INSURANCE COMPANY AS MODIFIED BY THE COURT** |

The parties to this action are Interpleader Plaintiff STANDARD INSURANCE COMPANY ("Standard") and Interpleader Defendants, VICTORIA P. GILLILAND, as an individual and as a Trustee of The Gilliland Revocable Trust, along with four individual Defendants DAVID GILLILAND, JEFFREY GILLILAND, MATTHEW GILLILAND, and LISA GILLILAND (collectively all named Defendants in this action are referred to as the "Interpleader Defendants").

STIPULATION AND ORDER FOR DEPOSIT OF FUNDS - 3:18-cv-04929-RS - 1

## I. STIPULATION

Standard and the Interpleader Defendants (collectively the "Parties") **STIPULATE** as follows.

1. The Court has "Federal Question" jurisdiction of this matter under the Employee Retirement Income Security Act, 29 USC 1001, et seq, commonly known as ERISA, especially 29 USC § 1132(a)(3), or, diversity jurisdiction, as this is an action between Plaintiff, on the one hand, an Oregon Corporation with its Principal Place of Business in (Portland) Oregon, and Interpleader Defendants, on the other hand, each of whom is domiciled in California (and none of whom is domiciled in Oregon), and in which "the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 USC § 1332(a). Venue is appropriate in this Court.

2. This interpleader action concerns one million dollars ($1,000,000.00) in total employee benefits (the "Benefit") payable upon the death of James George Gilliland, Jr. (the "Decedent"). The Benefit is comprised of life benefits (five hundred thousand dollars ($500,000.00)) and accidental death and dismemberment benefits (five hundred thousand dollars ($500,000.00)) under Group Policy No. 753323-A, to wit, the Group Life Insurance Policy (the "Policy") Standard issued to Decedent's employer, Kilpatrick Townsend Stockton LLP, as Policyholder. Standard, as Interpleader Plaintiff, alleged in the Complaint on file in this action entitlement to relief in interpleader and sought an order allowing it to deposit funds for interpleader (eventually to be paid as ordered by the Court), and, following deposit, a discharge from all liability. The Interpleader Defendants contest these allegations.

3. Despite their differences, the Parties have now resolved this entire matter pursuant to the "Confidential Mutual Release and Releasors' Instructions for Payment of Benefit," (the "Confidential Release"). All parties to the Confidential Release have executed the Confidential Release. This stipulation and proposed

order have been submitted pursuant to the terms of that Confidential Release and settlement is conditioned on the Court's approval, execution and entry of the Order submitted herewith.

4. In connection with the matters alleged in the Complaint, Pacer document 1, especially the introductory paragraph and ¶¶ 24-26, 35 and 37, two years after the fact, the investigating authorities have never named nor cleared anyone of wrongdoing in any connection with the matters alleged in the Complaint.

5. Standard shall, subject to the Court's execution and entry of the Order that follows, tender for deposit to the Clerk of the Court the sum of one million fifty thousand dollars ($1,050,000.00), which the Parties agree represents the total due as payment of the Benefit and any and all accruals of interest (or any other kind of accrual) on the Benefit.

6. Interpleader Defendants agree that, after Standard's deposit of one million and fifty thousand dollars ($1,050,000.00), the entirety of that sum, less any administrative expenses of the Court plus any accrued interest, shall be paid by the Clerk of the Court to Victoria P. Gilliland as an individual. Standard does not oppose that result and accordingly stipulates to it.

7. Assuming payment to Victoria P. Gilliland is made as provided in the Order that follows, no other sums are due to any of the Interpleader Defendants or to any other person or entity, including but not limited to all those collectively identified as "Releasors" in the Parties' Confidential Release, either under the Policy or in any other connection of any kind.

8. On payment as set forth in ¶ 5 of the Order, below, the Court should discharge and Standard will be discharged from all liability, past, present or future, in any connection with this action, the Policy, payment of the Benefit or handling of claims to or for the Benefit.

9. The Parties agree Standard shall forever waive any claims for attorney fees or costs as an Interpleader Plaintiff. The Parties further agree each of them forever

waives any other claims for attorney fees or costs in any connection with this matter and agrees, upon resolution of this matter as specified in the Order filed herewith, cooperatively to take all steps necessary and reasonable to effect dismissal of this action with prejudice and without attorney fees or costs.

**SIGNATURE ATTESTATION**:

I, Warren H. Nelson, Jr., counsel to Standard Insurance Company, hereby attest under penalty of perjury that I have in my possession the original signatures of Andrew R. Verriere, Esq., counsel to Victoria P. Gilliland individually and as Trustee of The Gilliland Revocable Trust, and Michael C. Cooper, Esq., counsel to David Gilliland, Jeffrey Gilliland, Matthew Gilliland, and Lisa Gilliland, stipulating as noted above and approving as to form as noted below the Order submitted herewith.

SO STIPULATED and ATTESTED:

Dated: November 21, 2018

/s/ Warren H Nelson Jr.
WARREN H. NELSON, JR. #104744
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115
Telephone: (619) 988 8828
Email: whnapc@gmail.com

Attorney for Plaintiff
STANDARD INSURANCE COMPANY

SO STIPULATED:

Dated: November 16, 2018

/s/ Andrew R. Verriere
MARGARET M. HAND #167510
ANDREW R. VERRIERE #264674
HARTOG|BAER|HAND
A PROFESSIONAL CORPORATION
4 Orinda Way, Suite 200-D
Orinda, CA 94563
Telephone: (925) 253 1717
Email: mmhand@hbhlaw.com
Email: averriere@hbh.law

Attorneys for Defendant
VICTORIA P. GILLILAND, as Trustee of The Gilliland Revocable Trust and as an Individual

SO STIPULATED:

Dated: November 20, 2018

/s/ Michael C. Cooper
GUY D. CALLADINE #99431
MICHAEL C. COOPER #114729
CARLSON, CALLADINE &
PETERSON LLP
353 Sacramento St 16FL
San Francisco, CA 94111
Telephone: (415) 391-3911
Email: gcalladine@ccplaw.com
Email: mcooper@ccplaw.com

Attorneys for Defendants
DAVID GILLILAND, JEFFREY
GILLILAND, MATTHEW GILLILAND,
AND LISA GILLILAND

## II. ORDER

The Court has examined the allegations of Standard's complaint on file in this action, especially the introductory paragraph, ¶¶ 24-26, 35, 37, and the Parties' immediately foregoing Stipulation, especially ¶ 4, above. The Court **FINDS**, given the current status of this matter, that Standard can pay the Benefit as hereinafter provided, and, Standard shall thereafter be **DISCHARGED** from any liability to any person or entity upon Standard's deposit and payment by the Clerk in accordance with the terms of the Parties' Stipulation and the following Order. The Court therefore **ORDERS**:

1. Standard shall forthwith, and in any event no later than fifteen (15) days following electronic service via NEF of this Order as executed by the Court and filed on the Court's ECF system, deposit the sum of one million fifty thousand dollars ($1,050,000.00) into the court registry. Standard shall make its check for the Funds for Deposit payable to "Clerk, U.S. District Court" and, together with this document, shall present its check to the Clerk of the Court.

2. The Clerk shall accept Standard's check for the Funds for Deposit, which are immediately to be deposited into the court registry and handled in accordance with General Order No. 31.

3. Standard shall give prompt notice its check for the Funds for Deposit has on presentment been paid. Standard shall file this "Notice of Payment of Standard's Check for Funds for Deposit" within three business days after Standard has documentary evidence confirming payment by Standard's bank of Standard's check for the Funds for Deposit. Standard shall, in addition to efiling the Notice of Payment of Standard's Check, hand deliver within one business day to the Clerk's office a copy of the Notice of Payment of Standard's Check for Funds for Deposit (as efiled and as downloaded from the Court's website following efiling) together with a copy of this Order.

4. Within ten (10) days after Standard has complied with ¶ 3 and **without any further ORDER or notice from the Court**, the Clerk shall issue its check in the amount of the Funds for Deposit, less any administrative fees and plus any interest then payable, to "Victoria P. Gilliland."

5. As soon as the Clerk's check to Victoria P. Gilliland has been honored and paid, the Court **ORDERS** that Standard shall be and is unconditionally and fully **DISCHARGED** and **RELEASED** from any liability in any connection with the Benefit, payment of the Benefit, payment of accruals of any kind on the Benefit, handling of the claims to the Benefit or anyone making any further claim of any kind on the Policy. Interpleader Defendants, and anyone claiming by or through them, including their heirs or successors in interest, shall, immediately upon the time the Clerk's check to Victoria P. Gilliland is paid and honored, be enjoined from making or assisting anyone in making any claim of any kind against Standard in any connection with the Benefit, payment of the Benefit, handling of the claims to the Benefit or making any further claim of any kind on the Policy.

6. Victoria P Gilliland shall, within 24 hours of the time the Clerk's check to her has been honored and paid, via email from her counsel to Standard's counsel, so advise Standard's undersigned counsel.

7. Standard shall then immediately prepare and the parties shall immediately and jointly file a dismissal with prejudice of this entire action providing that none of the Parties shall ever make any claim for attorney fees and costs or any expense of any kind.

8. The Court notes that each of the Parties' counsel has approved this **ORDER** as to form:

APPROVED AS TO FORM:

Dated: November 21, 2018

/s/ Warren H Nelson Jr.
WARREN H. NELSON, JR. #104744
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115
Telephone: (619) 988 8828
Email: whnapc@gmail.com

Attorney for Plaintiff
STANDARD INSURANCE COMPANY

APPROVED AS TO FORM:

Dated: November 16, 2018

/s/ Andrew R. Verriere
MARGARET M. HAND #167510
ANDREW R. VERRIERE #264674
HARTOG|BAER|HAND
A PROFESSIONAL CORPORATION
4 Orinda Way, Suite 200-D
Orinda, CA 94563
Telephone: (925) 253 1717
Email: mmhand@hbhlaw.com
Email: averriere@hbh.law

Attorneys for Defendant
VICTORIA P. GILLILAND, as Trustee of The Gilliland Revocable Trust and as an Individual

APPROVED AS TO FORM:

Dated: November 20, 2018

/s/ Michael C. Cooper
GUY D. CALLADINE #99431
MICHAEL C. COOPER #114729
CARLSON, CALLADINE &
PETERSON LLP
353 Sacramento St 16FL
San Francisco, CA 94111
Telephone: (415) 391-3911
Email: gcalladine@ccplaw.com
Email: mcooper@ccplaw.com

Attorneys for Defendants
DAVID GILLILAND, JEFFREY
GILLILAND, MATTHEW GILLILAND,
AND LISA GILLILAND

**IT IS SO ORDERED**.

Dated: November 26, 2018

_____
Richard Seeborg
United States District Court Judge